UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| *In re* SUBPOENA SERVED ON REGENT EDUCATION, INC. | * | |
| | * | **Case No. 17-cv-03541-ELH** |
| | * | |
| **CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC** as Trustee | * | **Related Case:** **Case No. 16-CV-62028-JAL-JG** (S.D. Fla.) |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| **DAVID KNOBEL, et al.** | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL NON-PARTY REGENT EDUCATION, INC.'S COMPLIANCE WITH SUBPOENA**

David Knobel, Jeffrey Pierne, Dean Bartness, Siana Stewart, Cid Yousefi and Neal Yawn, defendants in the underlying action filed in the United States District Court for the Southern District of Florida (collectively, "Defendants"), by counsel and pursuant to Federal Rule of Civil Procedure ("FRCP") 45(d)(2)(B)(i), respectfully submit this reply memorandum in support of their request that this Court enter an order compelling non-party Regent Education, Inc. ("Regent"), to produce documents in response to Defendants' subpoena, and in support, state as follows:

"Whether a subpoena subjects a witness to undue burden within the meaning of Rule 45[d] usually raises a question of the reasonableness of the subpoena," an analysis that requires "weighing a subpoena's benefits and burdens" and "consider[ing] whether the information is necessary and whether it is available from any other source." 9A Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008). This inquiry is "highly case specific" and involves "an exercise of judicial discretion." Id. "The burden of proving that a subpoena is oppressive is on the party moving to quash." In re Employment Background Investigations, Inc. v. The Middlesex Corp., 2017 U.S. Dist. LEXIS 138521, at *8-9 (D. Md. Aug. 29, 2017) (citation omitted). Regent's opposition to the motion to compel fails to meet this burden.

Despite having served a subpoena back in August, Defendants were unable to obtain productions of responsive emails from Regent until they were forced to inform Regent that a motion to compel would be forthcoming and in fact filed the instant Motion.[1] Even now, Regent admittedly has only produced little more than half of the emails requested by Defendants— nearly four months after the subpoena was served. (Opp. at 8) (stating that only 55% of the emails have been produced). Defendants have still received no emails for 9 (or 10)[2] custodians at all.

Defendants still need the remaining emails because Defendants have a right to discover the details surrounding the implementation and operation of the Regent 8 software at the FCC schools during the relevant time frame. It is undisputed that the Regent 8 software caused data corruption issues, which led the Department of Education to require FCC (and Defendants) to reconcile the amount of federal funds drawn down for student aid against the student rosters at

---

[1] Indeed, when Regent's counsel states that the emails for the corporate designee, Chuck Lang, have been produced, they were only produced yesterday, as a direct result of this motion practice. Likewise, Regent's counsel's new statement that Regent no longer maintains the Regent 8 software from the relevant period is brand-new information this week that could and should have been provided months ago after repeated inquiry from Defendants, but was only precipitated by this Motion. *See* Opp. Decl. of Andrew Grosso ¶16.

[2] It is unclear whether emails for custodian Leslie Caskey have been produced; emails from a custodian with the same first name have been produced, which may be an instance of a maiden name being replaced by a married name.

FCC.  Defendants need to understand how Regent 8 caused these issues, what the consequences of these issues were for the data, and what personnel at Regent 8 were saying about these issues. Indeed, one of Defendants' defenses is that the allegations in the Amended Complaint are the result of the Regent 8 software, and not Defendants' purported actions.

In the response, Regent's counsel claims that its production of these documents is not late, but the record speaks for itself.  Regent's counsel confirmed in writing via email to the undersigned that the production would be finished by November 14, 2017.  *See* Mot. ¶13 and Ex. 8.  The productions on November 16 and 17 were minimal, and again, substantial productions began in earnest only when Defense counsel informed Regent that a motion to compel would be forthcoming.

As for Regent's objections, the record again speaks for itself.  The subpoena was served on August 8, 2017, but the objections were not lodged until November 10, 2017.  Regent's counsel argues that Defendants' willingness to move the deposition date back to allow Regent sufficient time to produce documents somehow allowed Regent to serve untimely and improper boiler plate objections, but provides no authority for this novel proposition.  Having failed to timely object by August 22, 2017, (fourteen days after service), Regent waived its rights.  Regent can no longer rely on any overbreadth or unduly burdensome objections (Mot. at 8) that should have been made many months ago.  Moreover, Regent agreed to run, and has run, Defendants' proposed search terms; it cannot now claim, months later, that these terms were too burdensome or overbroad.

As for the remaining concern about student PII, Defendants have always been willing to accommodate this concern, and for this reason sent Regent's counsel a proposed protective order.  Regent's counsel admits that it never commented on that proposed protective order, and

#2969767v.1

instead sent its own proposed protective order—and, like the production of the bulk of the emails to date, only did so after this Motion was filed. Defendants' counsel is reviewing the proposed protective order and will work with Regent's counsel and Plaintiff's counsel to negotiate the terms and submit to the Court for entry.

The new motion for reimbursement of the costs of production is unwarranted, and improper. During the months of discussions and emails about the subpoena, and Regent's production, its counsel never mentioned or requested reimbursement for Regent's costs as a condition of production. If the costs of production really were an undue burden, surely Regent would have raised the issue and requested reimbursement <u>before</u> Regent incurred the costs. And, before making a motion to compel the reimbursement of those costs, Regent's counsel would have (and should have) made an effort to resolve any dispute pursuant to Local Rule 104.7, but Regent did neither. Further, as indicated by Regent's own response brief, it appears that Regent's alleged costs are inflated by the admitted technical problems on Regent and its vendor's end—Defendants should not have to indemnify Regent for costs of production that are due to its own failings.

Regent's request for attorneys' fees in responding to the motion to compel is similarly unwarranted. It is clear that at the time the motion was filed, Regent had not responded to the subpoena and had not lived up to its promises about production. Defendants needed to file the motion to get the productions that have recently been made, and still need the Court to compel the remaining production.

For the foregoing reasons, Defendants request that the Court enter an order overruling Regent's belated and baseless objections and compel Regent to produce any remaining responsive documents, including but not limited to the remaining emails.

       /s/
John B. Isbister (Bar No. 00639)
Courtney B. Amelung (Bar No. 13422)
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland  21202
(410) 752-9700
jisbister@tydingslaw.com
camelung@tydingslaw.com


       /s/
Kenneth Duvall (Florida Bar No. 121826)
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Telephone: (305) 374-7580
Facsimile: (305) 374-7593
kduvall@bilzin.com

*Counsel for David Knobel, Jeffrey Pierne, Dean Bartness, Siana Stewart, Cid Yousefi and Neal Yawn*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| *In re* **SUBPOENA SERVED ON REGENT EDUCATION, INC.** | \* | |
| | \* | **Case No. 17-cv-03541-ELH** |
| _____ | \* | |
| **CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC** as Trustee | \* | **Related Case: Case No. 16-CV-62028-JAL-JG** (S.D. Fla.) |
| | \* | |
| Plaintiff, | | |
| | \* | |
| v. | | |
| | \* | |
| **DAVID KNOBEL, et al.** | | |
| | \* | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 8th day of December, 2017 a copy of Defendants' Reply Memorandum in Support of Defendants' Motion to Compel Non-Party Regent Education, Inc.'s Compliance With Subpoena was filed with the Clerk's Office and served via email on:

Andrew Grosso
Andrew Grosso & Associates
1101 Thirtieth Street, NW, Suite 300
Washington, D.C. 20007
Agrosso@att.net

*Counsel for Non-Party Regent Education, Inc.*

Brian S. Dervishi
Weissman & Dervishi, P.A.
SunTrust International Center
One Southeast Third Avenue, Suite 1700
Miami, Florida 33131
bdervishi@wdpalaw.com

*Attorneys for Plaintiff, Clingman & Hanger*

*Management Associates, LLC, as Trustee*

Bijan Amini
Avery Samet
Jeffrey Chuback
Storch Amini PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
bamini@samlegal.com

*Attorneys for Plaintiff, Clingman & Hanger*
*Management Associates, LLC, as Trustee*

                                                /s/
John B. Isbister (Bar No. 00639)
Courtney B. Amelung (Bar No. 13422)
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland  21202
(410) 752-9700
jisbister@tydingslaw.com
camelung@tydingslaw.com