IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

*In re* SUBPOENA SERVED ON
REGENT EDUCATION, INC.

————————————————

CLINGMAN & HANGER
MANAGEMENT ASSOCIATES,
LLC as Trustee,

    *Plaintiff*,

v.

DAVID KNOBEL et al.,

    *Defendants*.

Civil Action No. ELH-17-3541

(Related Case: *Case No. 16-cv-62028-
JAL-JG in the United States District
Court for the Southern District of
Florida*)

**MEMORANDUM**

    This case is rooted in litigation pending in federal court in Florida.  The issue before me
is limited.  I must determine whether to compel a non-party, Regent Education, Inc. ("Regent"),
to comply with the subpoena issued by David Knobel, Jeffrey Pierne, Dean Bartness, Siana
Steward, Cid Youselfi, and Neal Yawn, who are defendants in the Florida case (collectively,
"Defendants").  Because Regent's principal place of business is in Maryland (ECF 1-1, ¶ 13),
this Court has jurisdiction to enforce the subpoena under Fed. R. Civ. P. 45(d)(2)(B)(i).

    Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), Defendants have moved to compel Regent's
compliance with the subpoena.  ECF 1.  The motion is supported by a memorandum (ECF 1-1)
(collectively, the "Motion") and exhibits.  Regent opposes the Motion, supported by exhibits, on
the grounds that, under Fed. R. Civ. P. 26, the subpoena is unduly burdensome and compliance is
costly because of the scope of the document request.  ECF 7 ("Opposition").  It moves for an
award of expenses related to its response to the subpoena and to the Motion.  *Id.*  Regent also

seeks a protective order excusing it from further production relating to the subpoena "until and unless" Defendants pay for Regent's costs and fees.  ECF 7 at 8-9.  Defendants have replied. ECF 9.

The issues have been fully briefed, and no hearing is necessary to resolve them.  *See* Local Rule 105.6.  For the reasons that follow, I will grant the Motion in part and deny it in part.

## I.  Background

Defendants and Regent have not provided a thorough background of the underlying case. It appears that in August 2016, plaintiff, Clingman & Hanger Management Associates, LLC, as liquidating trustee for the now-bankrupt FCC Holdings, Inc. ("FCC"), filed the underlying case in the United States District Court for the Southern District of Florida, alleging that Defendants breached their fiduciary duties.  ECF 1-1, ¶ 1; *see Clingman & Hanger Management Associates, LLC, as Trustee v. Knobel et al.*, Case No. 16-cv-62028-JAL-JG (the "Florida case"). Defendants appear to be officers and employees of FCC, a company that operated for-profit colleges throughout the United States.  *See* ECF 7-1 at 4.

The docket reflects that the discovery deadline for the Florida case was initially set for December 1, 2017.  *See* ECF 7-2 at 17 (Florida case docket).  However, on October 23, 2017, the fact discovery deadline in the Florida case was extended until January 3, 2018.  *See id.* at 21.

As noted, Regent is not a party to the Florida case.  *See* ECF 1-1, ¶ 3.  However, Defendants contend that Regent is an important non-party because Defendants' alleged mismanagement of student financial aid funds was the result of "complications" with Regent's software, which Defendants used.  *Id.* ¶ 4.

On August 8, 2017, counsel for Defendants caused a subpoena to be issued to Regent. ECF 1-2 (Declaration of Kenneth Duvall, Esq., counsel for Defendants), ¶ 1.  The subpoena

commanded Regent to appear for a deposition at its principal place of business on August 25, 2017, and to bring relevant documents.  ECF 1-2 at 12.  The subpoena was served on Regent on August 9, 2017.  ECF 1-2 ¶ 2.

The subpoena directs Regent to produce a wide range of documents across 27 topic categories, including all documents and communications between Regent and documents related to development, implementation, marketing, and customer service related to "Regent 8," the software in question.  ECF 1-2 at 22-25.  Notably, the subpoena also requests all documents "containing student records concerning, related to, or in connection with FCC . . . including but not limited to records received from FCC, the DOE, or other third parties."  *Id.* at 24.  The requests cover a period of almost nine years, from the beginning of 2009 to the present (*id.* at 22), and the response to the requests includes emails sent by dozens of custodians over that time span.  *See* ECF 7-5 at 22 (discovery update).  The subpoena further states: "In the event Regent Corporation agrees to produce the documents requested herein at least five business days before the scheduled deposition, the issuing parties will agree to adjourn the deposition until a later date."  ECF 1-2 at 12.

After some correspondence between counsel for Regent and counsel for Defendants, Regent agreed on October 10, 2017, to produce the documents, and made its first production on October 17, 2017.  ECF 1-2, ¶¶ 9-10; *see* ECF 1-2 at 40.  Doug Armentrout, the eDiscovery specialist for Regent, understood this production to be the only one.  ECF 7-5 (Declaration of Douglas Armentrout), ¶ 3.  But, Defendants considered this production to be inadequate.  ECF 1-2, ¶ 10.  Accordingly, Defendants and Regent engaged in further discussions and agreed that Regent would complete production by November 14, 2017.  ECF 1-2 at 73 (email from Andrew

Grosso, Esq., counsel for Regent, to Kenneth Duvall, Esq.).  They also agreed that the deposition would be rescheduled for November 29, 2017.  *Id.*

On November 10, 2017, some three months after Regent was served with the subpoena, Regent filed objections to the subpoena.  ECF 1-2, ¶ 16; ECF 1-2 at 76-85 (Regent's objections). These included objections to Defendants' request for documents that Regent claims contain students' "personal identifiable information" ("PII").  *See* ECF 1-2 at 78; ECF 7 at 2. Defendants assert that these objections were untimely because they were not made within 14 days of service of the subpoena, as required by Fed. R. Civ. P. 45(d)(2)(B).  *See* ECF 1-2, ¶ 16.

In any event, Regent's production continued, but not to the satisfaction of Defendants. *Id.* ¶¶ 17-20.  Regent maintains that production was slowed by the vast quantities of documents sought by Defendants, which Regent and Armentrout contend include tens of terabytes of data across "144 person-years of email."  ECF 7-4 at 5; ECF 7-5, ¶ 6.   The parties also assert that a protective order to shield PII from discovery is currently under review by their counsel.  *See* ECF 7 at 5; ECF 9 at 4.

At some point, the date for the deposition of Regent's representative was rescheduled for December 21, 2017.  ECF 7-4, ¶ 9.  To my knowledge, the deposition remains scheduled for that date.

## II. Discussion

Fed. R. Civ. P. 45(d) protects persons subject to a subpoena from undue burden or expense associated with compliance.  The court for the district where compliance is required (in this case, this Court), must enforce this duty and impose sanctions on a party who fails to take reasonable steps to avoid such an undue burden.  *Id.*  However, a non-party who is served with a subpoena may object to the production associated with the subpoena.  Fed. R. Civ. P.

45(d)(2)(B).  But, the objection must be served within 14 days after the subpoena is served, or by the date production is required, whichever is earlier.  *Id.*  Rule 45(d) also provides that the party serving the subpoena may move the court where compliance is required for an order compelling production, as Defendants have done in this case.  Fed. R. Civ. P. 45(d)(2)(B)(i).

Notably, Fed. R. Civ. P. 45(d)(2)(B)(ii) states that if a non-party served with a subpoena objects to the production associated with the subpoena, and the court orders compliance over the objection, the order must "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."  *Id.*

In sum, there are three questions before this Court.  First, should Defendants' motion to compel be granted?  Second, should Defendants be ordered to pay some part of Regent's costs of compliance with the subpoena?  Third, if so, what costs should Defendants be ordered to pay?

As to the first question, Defendants urge the Court to grant the Motion, noting that, prior to the filing of the Motion, Regent failed to meet the deadline of November 14, 2017, which it had suggested.  ECF 9 at 3.  Regent asserts that "the discovery difficulties brought to this Court's attention are those of the Defendants' own making."  ECF 7 at 2.  It maintains that the requests for production are overbroad and unduly burdensome.  *See id.* at 1-2.

In support of its contention, Regent notes that (1) Defendants did not serve Regent with a subpoena until about a year after the Florida case was filed; (2) Defendants' search requests are broad and the amount of data to search is massive; (3) Regent maintains its data on third-party servers, making production slower; and (4) the cost of the production is substantial.  *Id.* at 2.  Regent also asks that it be excused from further production until Defendants pay its costs, including those costs of production already incurred.  ECF 7 at 9.  And, it seeks reimbursement for legal fees associated with the Motion itself.  *Id.*

Notably, apart from the suggestion that the search requests are "overbroad," Regent does not challenge the relevance or importance of the documents requested by Defendants. *See* ECF 7. Given that there is no genuine dispute as to the relevance of the documents requested, I shall grant Defendants' Motion to compel production, at least in part. However, both Regent and Defendants acknowledge the need for a protective order for student PII (ECF 7 at 5; ECF 9 at 3-4), this Order comes with the proviso that Regent need not produce any documents containing student PII unless a protective order is in place. Regent and the Defendants are directed to act in good faith in establishing such a protective order.

The next question concerns Regent's claim of significant expense in order to comply with the subpoena. Regent estimates the costs associated with the production at about $40,000, so far. *See* ECF 7-5 at 5.[1] As of the filing of its Opposition, Regent had produced "24 downlinks comprising some 65 gigabytes of data." ECF 7 at 4. It states that it has produced "55% of the person-year compilation of emails requested . . . including 24 of 28 such items identified by the Defendants as 'priority.'" *Id.* at 8. Yet, Defendants characterize this production as "only . . . little more than half" of the emails requested, and they maintain that they need the remaining emails. ECF 9 at 2.

There can be no doubt that this production has generated a significant expense to Regent. And, Rule 45(d)(2)(B) is clear that if the subject of a subpoena objects and the court orders compliance (as I have resolved to do), the subject must be protected from such a significant expense. Regent did submit objections. *See* ECF 1-2 at 76-84. However, Defendants ask this Court to overrule those objections because they were untimely and were primarily "boilerplate." *See* ECF 1-1 at 3-4. Therefore, Defendants assert that Regent has waived its rights under Rule

---

[1] Regent's eDiscovery vendor, Doug Armentrout, declares that he has spent about 240 hours on document production, billing about two-thirds of those hours at $125 an hour and one-third at $250 an hour. ECF 7-5 at 5.

45.  ECF 9 at 3.  Furthermore, Defendants reject Regent's complaints as to the cost of production by observing that Regent never raised such a concern prior to the filing of the Motion.  *Id.* at 3-4.

Regent maintains that its objections were not late because they were submitted before the date specified for compliance.  ECF 7 at 7-8.  But, Fed. R. Civ. P. 45(d)(2)(B) states: "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Therefore, at the latest, Regent should have filed its objections by August 23, 2017, but it did not do so until November 10, 2017.  *See* ECF 1-2 at 75.  Regent also claims that it "is not relying upon these objections for withholding documents," except for the objections concerning student PII, and the general objection "concerning the overbroad and unduly burdensome nature of the scope of the document demand."  ECF 7 at 8.

Since the Motion was filed, it appears that Regent has dutifully produced a substantial portion of the requested documents.  *See* ECF 6, ¶ 4.  If Regent found the subpoena to be overly burdensome, however, it could have requested relief from this Court.  Indeed, Fed. R. Civ. P. 45(d)(3)(A)(iv) allowed Regent to move to quash the subpoena if it was subjected to an undue burden.  But, Regent made no such motion.  And, its objections to the subpoena were late, and were generic in nature.  *See* Fed. R. Civ. P. 34(b)(2)(B).

In my view, Regent is not entitled to reimbursement for expenses it already incurred prior to requesting judicial relief or being ordered to comply.  *See DNT, LLC v. Sprint Spectrum, LP*, 750 F. Supp. 2d 616, 626 (E.D. Va. 2010) ("Thus, because Qualcomm did not wait for this Court, or the Court that issued the subpoenas, to order compliance, it does not have the right to seek reimbursement under Rule 45 for the costs associated with its production.") (citing *Angell v. Kelly*, 234 F.R.D. 135, 138 (M.D.N.C. 2006); *see also In re Subpoena of Am. Nurses Ass'n*, 290

F.R.D. 60, 75 (D. Md. 2013), *objections overruled*, No. 08-CV-0378, 2013 WL 5741242 (D. Md. Aug. 8, 2013).

Nevertheless, Defendants and this Court have an obligation to avoid imposing undue burden or expense on a non-party that is subject to a subpoena. Fed. R. Civ. P. 45(d)(1), (d)(2)(B)(ii). Therefore, I shall direct Defendants to bear the reasonable costs of any further production made as a result of the Court's Order, so as to "protect [Regent,] who is neither a party nor a party's officer from significant expense resulting from compliance," in accordance with Fed. R. Civ. P. 45(d)(2)(B)(ii). But, because Regent's delay in responding to the subpoena appears to have necessitated the Motion, I shall not grant Regent any legal fees associated with the Motion.

### III.  Conclusion

For the reasons discussed, Defendants' Motion is granted in part and denied in part. Regent shall comply with the subpoena and produce the requested documents by December 21, 2017. But, it need not produce any documents containing student PII until a protective order is in place.

Regent's objections to the subpoena are otherwise overruled, and it may not recover any production costs associated with the subpoena if they were incurred on or prior to the date of this Memorandum and Order. Nor may it recover any legal fees. However, it may recover the reasonable costs of production associated with any further compliance. Regent is instructed to inform Defendants of its projected reasonable costs, and Defendants may elect either to pay the costs, contest the reasonableness of same, or decline the production.

An Order follows, consistent with this Memorandum.

Date: December 13, 2017                      _____/s/_____
                                             Ellen Lipton Hollander
                                             United States District Judge